UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ERWIN B. PATTERSON,

        Plaintiff,

   v.                             ACTION NO. 2:13cv293

JOHN MCCORMICK, et al.,

        Defendants.

### MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on the Defendants' Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"), ECF No. 19, filed on January 2, 2014, and on numerous motions filed by the Plaintiff: "Motion to Quash Entries (#19-22)" ("Motion to Quash"), ECF No. 24, filed January 13, 2014; "Motion for Extension of Time to Respond to Defendants' Motion19-22 [sic]" ("Motion for Extension of Time"), ECF No. 26, filed January 13, 2014; "Motion for Leave to (Re)Amend the Complaint" ("Motion to Re-amend"), ECF No. 30, filed January 27, 2014; "Motion for Entry of Default" ("Motion for Default Judgment"), filed January 31, 2014; "Notice of Error and Correction on Proposed Amended Complaint" ("Motion to Correct"), ECF No. 33, filed January 31, 2014; "Motion and Motion for Leave to Have All Motions Decided Without Hearings/Oral Arguments

[sic]" ("Motion to Waive Hearing"), ECF No. 31, filed February 5, 2014; and "Motion and Motion for Leave Requiring Electronic Service [sic]" ("Motion for Electronic Service"), ECF No. 32 filed February 5, 2014.

## I. FACTS AND PROCEDURAL HISTORY

On June 4, 2012, the Plaintiff was evicted from a home located at 1102 Park Avenue in Chesapeake, Virginia, by James Dunlap, the Chesapeake Police Captain. James Dunlap was accompanied by the Defendants, John McCormick and Lisa Bridges, employees of First Family Realty, which served as the property manager of the property in question. Am. Compl. ¶ 6; Mem. Supp. Mot. Dismiss at 1. At the time of the eviction, the Plaintiff was making improvements and redecorating the home because he "had persons who were interested in renting it from him." Am. Compl. ¶ 6. The Plaintiff claimed to own the home and produced a deed, which was examined by Ronald Hallman, the Chesapeake City Attorney.[1] Mr. Hallman correctly found that the Plaintiff did not, in fact, own the home, or have title to the property.[2] Mem.

---

[1] Mr. Hallman retired as the Chesapeake City Attorney on May 31, 2013.

[2] On March 30, 2001, the Plaintiff's house located at 1102 Park Avenue in Chesapeake, Virginia, was foreclosed on. The Plaintiff previously challenged the foreclosure on the same property in Patterson v. City of Chesapeake, Va., No. 2:07cv611 (E.D. Va.). The Plaintiff asserted that the foreclosure should be invalidated for a variety of reasons, including alleged fraud. The court dismissed the Plaintiff's claims as barred by the statute of limitations. As the Plaintiff acknowledged, the Deed

in Supp. of Mot. to Dismiss 6. Thus, the Plaintiff was
trespassing. This information was relayed to the Plaintiff by
Mr. Dunlap, and the Plaintiff was then asked to leave, or be
evicted from the property. The Plaintiff was given time to
remove his personal belongings from the property, and was
subsequently evicted.

On August 5, 2013, the Plaintiff, Erwin B. Patterson,
proceeding pro se,[3] filed an Amended Complaint against the
Defendants alleging "interference/deprivations/violations of (42
USC 1985, 42 USC 1986)," Am. Compl. ¶ 6, and "violat[ion] of my
civil rights not limited to [42 U.S.C. §§ 1981, 1985 and] Equal
Protection." Id. ¶ 7, ECF No. 11. Specifically, the Plaintiff
alleges that the Defendants "conspired against the Plaintiff and
his real property," and conducted an "illegal/unlawful eviction
from and/or seizure of the real property" because of "hate,

of Foreclosure that the Plaintiff challenged was recorded in
2001. Am. Compl. ¶ 20, Exs. 5-7, Patterson v. City of
Chesapeake, Va., No. 2:07cv611 (E.D. Va. Feb. 7, 2008)
(including the challenged and recorded Deed of Foreclosure); see
also Mem. Supp. Mot. Dismiss, ECF No. 20. While the Plaintiff
has asserted in a conclusory fashion in this action that he
"owns" the property, he has offered no documentation or facts
that would contradict the public record documents that establish
he is not the record owner of the property.

[3] A pro se complaint involving civil rights issues should be
liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th
Cir. 1978). However, a court is not required "to accept as true
a legal conclusion couched as a factual allegation," Papasan v.
Allain, 478 U.S. 265, 286 (1986), or a legal conclusion
unsupported by factual allegations. Ashcroft v. Iqbal, 556 U.S.
662, 683 (2009).

discrimination and/or negative demeanor toward one or more of my race/color/gender (protected classes)." Id. The Plaintiff also alleges that the Defendants "failed to, and refused and neglected to 1) withdraw from the conspiracy to interfere with and/or violate civil rights; 2) reasonably attempt to prevent, and/or prevent the continuation and/or culmination of the conspiracy of interference & violation of my civil rights; and 3) notify a proper authority that they were aware of the conspiracy." Id.

The Defendants filed their Motion to Dismiss on January 2, 2014, and the Plaintiff filed his Response on January 8, 2014, and an "Objection" to the Motion to Dismiss on January 13, 2014. The Plaintiff also filed various motions, see Infra Part III.A-F, to which the Defendants replied. See ECF Nos. 28, 29, 35, 36, and 37.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. PLAINTIFF'S MOTIONS

The Plaintiff has filed numerous motions with the court. Each will be considered in turn.

### A. Motion to Quash

The Plaintiff filed the Motion to Quash on January 13, 2014. In the Motion to Quash, the Plaintiff seeks to quash ECF Nos. 19 and 22, which are the Defendants' Motion to Dismiss, Memorandum in Support, Waiver of Hearing, and "Roseboro Notice," which advised the Plaintiff of the potentially dispositive nature of the Motion to Dismiss, and of his opportunity to file a response.

In his Motion, the Plaintiff alleges that the Defendants' filings are "rhetoric, without merit, frivolous, hearsay, late violating FRCP 11(b)," as well as other allegations. Mot. to Quash ¶ 3. The Motion to Quash is identical in substance to his Response to the Defendant's Motion to Dismiss, filed on January 13, 2014. See Objection to Mot. to Dismiss, ECF No. 25. The only material difference is a change in the title of the document. As such, the court will construe his Motion to Quash as a duplicative filing of his Response to the Motion to

6

Dismiss. Accordingly, the Plaintiff's Motion to Quash is **DENIED** as **MOOT**.

## B. Motion for Extension of Time

On January 13, 2014, the Plaintiff filed the Motion for Extension of Time, asking for an extension of time to file a response to the Motion to Dismiss. On that same day, however, the Plaintiff filed his "Objection" Response to the Motion to Dismiss. ECF No. 25.

Federal Rule of Civil Procedure 6(b) allows the court to extend time for good cause. Because the Response was filed within the twenty-one days required by Local Rule 7(K), no extension of time was needed in this case. Accordingly, the Motion for Extension of Time is **DENIED** as **MOOT**, and the court will consider the Plaintiff's "Objection," filed on January 13, 2014.

## C. Motion to Re-amend and Motion to Correct

On January 27, 2014, the Plaintiff filed the Motion to Re-amend, and included a proposed Re-amended Complaint. On February 10, 2014, the Defendants filed their Response. On January 31, 2014, the Plaintiff filed the Motion to Correct, in which he seeks to correct his proposed Re-amended Complaint. Specifically, he seeks to remove the incorrect Defendant names and to correct his address as listed in the proposed Re-amended Complaint. Mot. to Correct ¶ 1. Because the corrections are

7

merely clerical, and the Defendants have not opposed the correction, the court **GRANTS** the Plaintiff's Motion to Correct, and will consider the Motion to Re-amend with the requested corrections.

In his Motion to Re-amend, the Plaintiff alleges that his "[r]eamended complaint will attempt to surpass the requirements of; Rule 8(a)(2) and threshold as in Phillips v. County of Allegheny, 515 F.3d 224,2e4 [sic] (3d Cir. 2008)." Mot. to Re-amend ¶ 2. The Plaintiff had already amended his original Complaint and filed his Amended Complaint on August 5, 2013. See ECF No. 11.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." A motion to amend "'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1989)). Futility means that "the proposed amendment is clearly insufficient or frivolous on its face," Johnson, 785 F.2d 509 (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)), and "[c]ould not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Macon v. DuPont, No.

3:10cv260, 2011 WL 1838785, at *2 (E.D. Va. May 13, 2011) (citing Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995)).

In the proposed Re-amended Complaint, the Plaintiff seeks to allege his claims specifically under 42 U.S.C. § 1985(2) and (3), in addition to maintaining his claims under 42 U.S.C. §§ 1981 and 1986 as originally pled in his Amended Complaint.[4] See ECF Nos. 4 and 11. The Defendants argue that "it would be futile for Plaintiff to amend his Amended Complaint as better pleading will not alleviate its deficiencies." See Resp. to Mot. to Re-amend at 3.

The court has considered the substance of the proposed Re-amended Complaint. In the proposed Re-amended Complaint, the

---

[4] The Amended Complaint does not specifically identify which subsection of 42 U.S.C. § 1985 that the Defendants allegedly violated. See generally Am. Compl. Based on the facts presented in the Amended Complaint as it relates to his claims under 42 U.S.C. § 1985, the court will construe the claims as arising under 42 U.S.C. § 1985 (3). Although the Plaintiff references 42 U.S.C. § 1981 and the Equal Protection Clause in his Amended Complaint, the Plaintiff does not specifically plead the elements of a claim under 42 U.S.C. § 1981 or the Equal Protection Clause; rather, he generally alleges that the "[d]efendants and conspirators participated in, knew or should have known that an illegal/unlawful conspiracy and activity to violate my civil rights not limited to 42USC1981/Equal protection etc. was about to and/or in process of taking place. . . ." Am. Compl. ¶ 7. Moreover, this is the only instance in the Amended Complaint where the Plaintiff references 42 U.S.C. § 1981 and the Equal Protection Clause. Thus, without including any facts to support such a claim, the Plaintiff's allegations are conclusory, and as such fail to state a claim under 42 U.S.C. § 1981 or the Equal Protection Clause.

Plaintiff references 42 U.S.C. § 1981 and the Equal Protection Clause by stating generally that "the Plaintiff's civil/constitutional rights and other rights . . . were interferred [sic] with/violated . . . and is entitled to relief herein [under]: 42 USC 1981 Equal rights to enter and enforce contracts." Proposed Re-amended Compl. ¶ 17. However, the Plaintiff fails to provide specific conduct by the Defendants showing an interference in his rights to enter and enforce contracts in violation of 42 U.S.C. § 1981, or specific conduct by the Defendants in violation of the Equal Protection Clause. The Re-amended Complaint also identifies subsections (2) and (3) of 42 U.S.C. § 1985, but fails to prove the elements of a claim under these subsections, or identify specific incidences or conduct by the Defendants that would give rise to a viable claim under 42 U.S.C. § 1985 (2) and (3). Further, the Re-amended Complaint references other statutes such as 42 U.S.C. §§ 1982, 1983, and "the U.S. Codes, constitution, civil rights acts, fair housing act, Va code etc," but fails to plead any facts supporting a claim under those statutes. See id. ¶ 19. Instead, the Plaintiff references some photographs[5] which are attached to the Re-amended Complaint, which he describes as evidence of attempts by the Defendants to "harass and intimidate

---

[5] The photographs are of boarded-up windows and "no trespassing" signs. See Re-amended Compl. Exs. 3, 4. The court has reviewed the photographs and finds nothing nefarious.

him." See id. ¶ 14. He also alleges that the "Defendants & Coconspirators motives/motivation/tactics . . . are similar/identical to/derived from . . . & shared with white supremacist and hate clans." Id. ¶ 16. Moreover, in the Re-amended Complaint, the Plaintiff attempts to make disparate treatment arguments by espousing what he believes is the racial makeup of homeowners in Chesapeake, Virginia, and how the Defendants allegedly utilized this racial makeup in deciding whether to evict the Plaintiff. See id. ¶ 13. The Plaintiffs allegations are merely conclusory, and allege "mere consistency with unlawful conduct." Iqbal, 556 U.S. at 678.

Having fully considered the Amended Complaint and the proposed Re-amended Complaint, the court finds that the Plaintiff has failed to plead new or sufficient facts to support or save his claims. Thus, allowing the Plaintiff to re-amend the Amended Complaint would be futile. Accordingly, the Plaintiff's Motion to Re-amend is DENIED.

### D. Motion for Default Judgment

On January 31, 2014, the Plaintiff filed the Motion for Default Judgment. The Plaintiff alleges that because the Defendants did not file a response within twenty-one days of being served the Amended Complaint, a default judgment should be entered in his favor. See Mot. for Default ¶ 2. In his Motion, the Plaintiff alleges that he served the Defendants on

11

September 18, 2013, by mailing the Summons and a copy of the Amended Complaint.[6] See id. ¶ 2, and Ex. 1.

Federal Rule of Civil Procedure 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once the default is entered, the next step is entry of default judgment. See Rule 55(b).

The Plaintiff's Motion for Default Judgment is without merit. In the instant action, nothing in the record suggests that the Defendants were untimely in filing their Motion to Dismiss and Memorandum in Support to warrant entry of default and entry of default judgment pursuant to Rule 55(a). On May 30, 2013, the court granted the Plaintiff's Motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. As such, the court directed the United States Marshal to effect service. See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010) ("In forma pauperis Plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."); see also Fed. R. Civ. P. 4(c). Thus, "by granting [a plaintiff] leave to pursue his claim in

---

[6] Pursuant to Federal Rule of Civil Procedure 4 and Va. Code § 8.01-296, the Plaintiff's mailing of summons and the Amended Complaint to the Defendants was not sufficient to effectuate proper service of process.

forma pauperis, [a district court] shift[s] the responsibility for serving the complaint from [the plaintiff] to the court." Reinhold v. Tisdale, No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at n.3 (D.S.C. April 30, 2007) (quoting Wright v. Lewis, 76 F.3d 57, 59 (2d Cir. 1996)). Therefore, the plaintiff "relinquishe[s] control over service." Id.

The Plaintiff's service of process on the Defendants via First Class Mail on September 18, 2013, was ineffective. By proceeding in forma pauperis, the Plaintiff relinquished control over the service of process. On December 11, 2013, the Defendants were served by the United States Marshal. Resp. to Mot. for Default Judgment Ex. 1. The Defendants filed their Motion to Dismiss on January 2, 2014, the last day they could do so. Thus, the Defendants were timely in their filing. Accordingly, the Plaintiff's Motion for Default Judgment is DENIED.

### E. Motion to Waive Hearing

The Plaintiff filed the "Motion to Waive Hearing" on February 5, 2014, subject to defect. In that motion, the Plaintiff asks that "his motions be decided without hearing/oral arguments." Mot. to Waive Hearing at 1. On February 10, 2014, the Defendants responded, stating that "they have no intention to request an oral argument on any of Plaintiffs' [sic] outstanding Motions." Resp. to Mot. to Waive Hearing at 2.

"Defendants, however, reserve the right to request an oral argument on any motion that they or Plaintiff may file in the future." Id.

After full examination of the briefs and the record, the court determines that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). As such, the Plaintiff's Motion to Waive Hearing is **GRANTED**.

## F. Motion for Electronic Service

On February 5, 2014, the Plaintiff filed the "Motion for Electronic Service," requesting that the court require the Defendants to serve him with any filings by "electronic means, by fax and email." Mot. for Electronic Service at 1.

Federal Rule of Civil Procedure 5(b) allows for several alternative methods of serving a paper. Among these methods is "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C). Another permitted method is "electronic means," which can be used if the person being served consented in writing. Fed. R. Civ. P. 5(b)(2)(E). Importantly, the Rule does not require service by electronic means when the person being served consents, and such service is not effective "if the serving party learns that it did not reach the person to be

14

served." Id.; see also Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 422-23 (4th Cir. 2010).

The Defendants have made clear that they have mailed their documents to the Plaintiff's address of record, as well as another address he used in some of his filings. Resp. to Mot. to Quash at 3. They also attempted to email their responses and other documents to the Plaintiff, but his email address of record is "seemingly invalid," suggesting that any documents emailed to the Plaintiff would not reach him. Id.

Thus, not only did the Defendants use an appropriate method of service, but they also declined to use a method that would have been contrary to Rule 5 under the circumstances. Accordingly, the Plaintiff's Motion for Electronic Service is DENIED.

### IV. DEFENDANTS' MOTION TO DISMISS

The Defendants advance two arguments in support of their Motion to Dismiss.[7] The Defendants allege that 1) the Plaintiff fails to state a claim under 42 U.S.C. § 1985(3), and 2) the Plaintiff also fails to state a claim under 42 U.S.C. § 1986.

---

[7] Although the Plaintiff references 42 U.S.C. § 1981 and the Equal Protection Clause in his Amended Complaint, he does not establish the elements or plead facts for such claims. In their Motion to Dismiss, the Defendants do not address his reference to 42 U.S.C. § 1981 or the Equal Protection Clause.

See Mem. in Support of Mot. to Dismiss 6-8. The court considers each argument in turn.

The Plaintiff alleges that the Defendants conspired to deny him equal protection of the laws when they evicted him from a home, in violation of 42 U.S.C. § 1985.[8] The Plaintiff also alleges that the Defendants neglected to prevent the conspiracy, in violation of 42 U.S.C. § 1986. Further, the Plaintiff alleges generally that the Defendants interfered with his right to make and enforce contracts, in violation of 42 U.S.C. § 1981.[9] Construing the alleged facts in the light most favorable to the Plaintiff, the court finds that the Plaintiff has failed to state plausible claims under 42 U.S.C. §§ 1981, 1985(3), 1986, and the Equal Protection Clause. As such, the Defendants' Motion to Dismiss is **GRANTED**.

### A. Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985(3)

The Plaintiff alleges that the Defendants conspired to deny him equal protection of the laws when they evicted him from a home, in violation of 42 U.S.C. § 1985. In support of his claims, he alleges that the Defendants "verbally and in print conspired against, the Plaintiff and his real property . . . conspicuously posted to be the owner, occupant, and property

---

[8] See supra note 4.

[9] See supra note 4.

manager . . . during an illegal/unlawful eviction from and/or seizure of the real property." Am. Compl. ¶ 7. Specifically, he alleges that the conspiracy to "obtain control and physical possession of his real property [was] due to hate, discrimination and/or negative demeanor toward one or more of [his] race/color/gender (protected classes)." Id. The Defendants allege that they did not conspire and were not motivated by a "specific class-based, invidiously discriminatory animus" when they evicted the Plaintiff from a home that he no longer owned. See supra note 2; Mem. in Supp. of Mot. to Dismiss at 8.

To state a claim for conspiracy to interfere with civil rights, a plaintiff must prove:

> 1) a conspiracy of two or more persons, 2) who are motivated by a specific class-based, invidiously discriminatory animus to 3) deprive the plaintiff of equal enjoyment of rights secured by the law to all, 4) and which results in injury to the plaintiff as 5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

A Society Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)). The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Simmons, 47 F.3d at 1376-77. Thus, "the [Plaintiff has] a weighty burden to establish a civil rights conspiracy." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996).

Moreover, "because of the high threshold that a Plaintiff must meet to establish a prima facie case under section 1985, courts often grant motions of dismissal." Davis v. Hudgins, 896 F. Supp. 561, 571 (E.D. Va. 1995) (citing Simmons, 47 F.3d at 1377)).

To prove the conspiracy element of 42 U.S.C. § 1985 (3), the Plaintiff must plead sufficient facts that would "reasonably lead to the inference that [the Defendants] positively or tacitly came to a mutual understanding to try accomplish a common and unlawful plan." Ruttenberg v. Jones, 283 F. App'x 121, 132 (4th Cir. 2008) (quoting Hinkle, 81 F.3d at 421). In other words, the Plaintiff must prove that there was a "meeting of the minds by [the Defendants] to violate the Plaintiff's constitutional rights." Simmons, 47 F.3d at 1377. Direct evidence of the meeting of the minds is not required; however, the circumstantial evidence proffered by the Plaintiff must be specific enough to demonstrate that each member of the alleged conspiracy "shared the same conspiratorial objective." Hinkle, 81 F.3d at 421 (citing Hafner v. Brown, 983 F.2d 570, 576-77 (4th Cir. 1992)). Additionally, the racial or class-based invidiously discriminatory animus requires concrete supporting facts and cannot be inferred. See Gooden v. Howard County, Md., 954 F.2d 960, 970 (4th Cir. 1992).

In this case, the Plaintiff fails to prove the elements of a conspiracy to interfere with civil rights claim under 42 U.S.C. § 1985 (3). First, the Plaintiff fails to prove a conspiracy by the Defendants to accomplish a "common and unlawful plan." The Plaintiff's allegations that the Defendants' eviction was "unlawful and motivated by hate, discrimination and or negative demeanor" are unfounded. "'[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' . . . are . . . not sufficient to state a claim." A Society Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678)). The Defendants lawfully evicted the Plaintiff from a home that he no longer owned. See supra note 2; Mem. Supp. Mot. to Dismiss 2. By the Plaintiff's own account, the deed was given to the Defendant Mr. Hallman who checked its validity and correctly determined that the Plaintiff no longer had title to the property. See Am. Compl. ¶ 7. Thus, the Plaintiff fails to show any "meeting of the minds" by the Defendants to deprive him of any civil rights.

Second, the Plaintiff fails to prove that the Defendants were motivated by racial or class-based invidiously discriminatory animus when they lawfully evicted the Plaintiff. In the Amended Complaint, the Plaintiff alleges that the Defendants "subjected [him] to this type of conspiracy, deprivation of civil rights . . . [because] of [his] race and/or

color and/or gender, either alone or in combination . . . ." Id.
¶ 8. He references that he is an "African American Male";
however, he makes no mention of specific instances of conduct by
the Defendants that could be perceived as racially
discriminating. As such, he fails to offer more than conclusory
allegations that he was evicted because of his race. The only
references to race are statements about the race of the
Defendants. See id. ¶ 7. The Plaintiff's recitation of his
particular race and the race of some of the persons involved in
his eviction is insufficient to prove invidiously discriminatory
animus, or to overcome the fact that he was lawfully evicted.
See Gooden, 954 F.2d at 970 (stating that the Plaintiff's
§ 1985(3) claim that was supported only by the respective racial
identities of the Defendants failed to satisfy the requirement
of unlawful intent in a conspiracy under § 1983(a)).

The Plaintiff has only put forth broad allegations that do
not indicate any violation of his civil rights, or the existence
of a conspiracy to engage in that type of violation. As such,
the Plaintiff fails to show at a threshold level a conspiracy to
interfere with civil rights under 42 U.S.C. § 1985(3).

**B. Neglect to Prevent Conspiracy under 42 U.S.C. § 1986**

The Plaintiff alleges that the Defendants "neglect[ed] to
reasonably prevent" the conspiracy to evict him, pursuant to 42
U.S.C. § 1986. Am. Compl. ¶¶ 6, 7. Specifically, he alleges that

"the Defendants chose not to, and failed to, and refused and neglected to 1) withdraw from the conspiracy to interfere with and/or violate civil rights; 2) reasonably attempt to prevent, and/or prevent the continuation and/or culmination of the conspiracy of interference & violation of my civil rights; and 3) notify a proper authority that they were aware of the conspiracy." Id. ¶ 7.

42 U.S.C. § 1986 provides a cause of action against any party with knowledge of a conspiracy in violation of § 1985 who fails to take action to prevent the violation. "A cause of action under § 1986 is dependent upon the existence of a claim under § 1985." Davis, 896 F. Supp. at 571. (quoting Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985)). Thus, "the failure of a Section 1985 claim also defeats the Section 1986 claim." Id. (quoting Burcher v. McCauley, 871 F. Supp. 864, at 869 n.4 (E.D. Va. 1994)); see also Trerice, 755 F.2d at 1085. In the instant case, because the Plaintiff fails to show a conspiracy under 42 U.S.C. § 1985(3), he also fails to prove an action to prevent a conspiracy claim under 42 U.S.C. § 1986.[10]

### V. Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss is **GRANTED**. The Plaintiff is **ADVISED** that he may appeal

---

[10] Furthermore, the Plaintiff also fails to prove a claim under 42 U.S.C. § 1981 or the Equal Protection Clause. See supra note 4 and accompanying text.

from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty (30) days from the entry date of this Memorandum Opinion and Final Order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to the Plaintiff and to counsel for the Defendants.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

May 15, 2014